## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAWN ANKNEY, Individually and d/b/a Ankney's Towing Recovery & Auto Repair Service and ANKNEY'S TOWING & AUTO REPAIR SERVICE,** <br> **Plaintiffs** <br><br> **v.** <br><br> **PARADISE TOWNSHIP; NEAL DOYLE, Individually & in his Official Capacity as a Zoning Officer for Paradise Township; YORK COUNTY d/b/a NORTHERN YORK COUNTY REGIONAL POLICE DEPARTMENT; JEREMY K. NEIDIGH, Individually & in his Official Capacity as an Administrative Lieutenant for Northern York County Regional Police; JACKSON TOWNSHP; and BRADLEY R. DUNHAM, Individually & in his Official Capacity as a Supervisor for Jackson Township & in his Official Capacity as Fire Chief for Nashville Volunteer Fire Department,** <br> **Defendants** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **CIVIL ACTION** <br><br><br><br><br><br> **CASE NO: _____** <br><br><br><br> **JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL OF CIVIL ACTION

Defendants, Paradise Township and Neal Doyle, individually and in his

capacity as a zoning officer for Paradise Township, by and through their counsel,

Melissa J. Foley, Esquire, give notice to this Court of the removal to it from the Court of Common Pleas of York County, Pennsylvania of a civil action in which they are presently Defendants, and in support thereof, represent as follows:

1.      On or about June 20, 2024, Plaintiff, Shawn Ankney, Individually and d/b/a Ankney's Towing, Recovery & Auto Repair Service, filed a Praecipe for Summons in the Court of Common Pleas to Docket No. 2024-SU-001853. (See Exhibit "A," Praecipe for Writ of Summons")

2.      The Prothonotary of the Court of Common Pleas of York County issued a Summons in Civil Action on June 20, 2024. (See Exhibit A)

3.      The Court of Common Pleas of York County is in this federal judicial district.

4.      For purposes of removal, venue lies with this Court pursuant to 28 U.S.C. § 1441(a).

5.      The Summons named the following individuals and local agencies as Defendants:

   a.      Paradise Township;

   b.      Lance Biesecker, Individually & in capacity as Chairman of Board of Supervisors for Paradise Township;

   c.      Clark Craumer, Individually & in capacity as Vice Chairman of Board of Supervisors for Paradise Township;

   d.      Dean Bentzel, Individually & D/B/A Paradise Township;

e.      Neal Doyle, Individually & D/B/A Paradise Township;

f.      Northern Regional Police Department;

g.      Jackson Township;

h.      Jonathan D. Holmes, Individually & in capacity as Chairman of Board of Supervisors for Jackson Township;

i.      Emily A.B. Miller, Individually & in capacity as Vice Chairman of Board of Supervisors for Jackson Township;

j.      Bradley R. Dunham, Individually & in capacity as Secretary of Board of Supervisors for Jackson Township; and

k.      Nashville Volunteer Fire Department.

6.      On August 28, 2024, a Complaint was filed at 2024-SU-001853. The Complaint added Ankney's Towing, Recovery & Auto Repair Service as a plaintiff. The following individuals and local agencies were named as defendants:

a.      Paradise Township;

b.      Neal Doyle, Individually & in his Official Capacity as a Zoning Officer for Paradise Township;

c.      York County d/b/a Northern York County Regional Police Department;

d.      Jeremy J. Neidigh, Individually & in his Official Capacity as a (sic) Administrative Lieutenant for Northern York County Regional Police Department of (sic)[1]; and

e.      Bradley R. Dunham, Individually & in his Official Capacity as a Supervisor for Jackson Township & in his Official Capacity as Fire Chief for Nashville Volunteer Fire Department.

---

[1] Upon information and belief, Mr. Neidigh has not been served in either his individual or official capacity.

(See Exhibit "B," Complaint)

7.      The Sheriff's Office of York County Return of Service indicates service of the Summons as follows:

    a.    Service on "Northern Regional Police Department" on July 1, 2024;

    b.    Service on Jackson Township on July 2, 2024;

    c.    Service on "Bradley R. Dunham Individually & in Capacity as Secretary of Board of Supervisors for Jackson Township" on July 2, 2024;

    d.    Service on "Neal Doyle, Individually & D/B/A Paradise Township" on July 2, 2024; and

    e.    Service on Paradise Township on July 9, 2024.

(See Exhibit "C," Sheriff's Return of Service)

8.      The Complaint alleges a civil claim for compensatory and punitive damages in excess of $50,000, attorney's fees and costs, and arises under 42 U.S.C. §1983 with related state causes of action. Plaintiff alleges Defendants have deprived him of rights secured to him under the United States Constitution and federal law. [2]

---

[2] The complaint contains seven counts: **Count I**, Violations of Procedural & Substantive Due Process (Actionable via Section 1983 & under Pennsylvania State Law) Plaintiffs v. All Defendants; **Count II**, Violations of Procedural & Substantive Due Process – *Monel Claim* (Actionable via Section 1983), Plaintiffs v. Defendants, Paradise Township, Jackson Township, & York County; **Count III,** Violation of the Equal Protection Clause Re Tow List (Actionable via Section 1983) Plaintiffs v. All Defendants; **Count IV**, Violation of the Equal Protection Clause Re Tow List – *Monel Claim*, Plaintiffs v. Defendants, Paradise Township, Jackson Township, & York County; **Count V**, Violation of the Americans with Disabilities Act, Plaintiffs v. Defendants; **Count VI**, Violation of the Equal Protection Clause Re Signage (Actionable via Section 1983), Plaintiffs v. Defendants, Paradise Township & Mr.

9.     Factually, these claims arise from Plaintiffs' removal from a "Tow List" maintained by Northern Regional Police Department, zoning ordinance violations and permits, and alleged discrimination based on a speech impediment.

10.    This notice of removal is timely filed within thirty days of the date of service of the complaint (the initial pleading setting forth the claim for relief upon which the action is based).

11.    This state action is one which may properly be removed to this Court under 28 U.S.C. §1441 because Plaintiff asserts causes of action arising under the Constitution and statutes of the United States under 28 U.S.C. §1331, namely 42 U.S.C. §1983, the Equal Protection Clause and the Americans with Disabilities Act and, therefore, this Court would have original jurisdiction over these claims.

12.    Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal contains a "copy of all process, pleadings, and orders served upon the defendants in this action."

13.    Prompt written notice of this Notice of Removal is being sent to Plaintiffs through their counsel, and a copy of this Notice of Removal is being filed with the Prothonotary of the Court of Common Pleas of York County as required by 28 U.S.C. § 1446(d).

14.    All Defendants in the state action that have been served have joined in

---

Doyle; and **Count VII**, Violation of the Equal Protection Clause Re Signage – *Monel Claim* (Actionable via Section 1983), Plaintiffs v. Defendant, Paradise Township. (See Exhibit B)

and consent to the filing of this notice.  (See Exhibit D)

15.     Upon information and belief, no other Co-Defendants have been served.

16.     On further information and belief, any other Co-Defendants would consent to removal.

LAW OFFICES OF JERRY S. EISENBERG

_____
Melissa J. Foley, Esquire
IDENTIFICATION NO: 84559
327 North Washington Avenue, Suite 606
Scranton, PA  18505
(Phone) 570-330-0562
(Fax) 855-721-4010
Melissa.foley@selective.com

Attorney for Defendant,
Paradise Township and Neal Doyle, Individually and in his Official Capacity as a Zoning Officer for Paradise Township

# EXHIBIT A

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____ **County**
York

York County Prothonotary E-Filed - 20 Jun 2024 12:12:17 PM
Case Number: 2024-SU-001853

*For Prothonotary Use Only:*

Docket No: _____

*TIME STAMP*

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action**:

☐ Complaint  ☒ Writ of Summons  ☐ Petition
☐ Transfer from Another Jurisdiction  ☐ Declaration of Taking

Lead Plaintiff's Name:
Shawn Ankney Individually and d/b/a Ankney's Towing, R...

Lead Defendant's Name:
Paradise Township

**Are money damages requested?** ☒ Yes  ☐ No

Dollar Amount Requested: (check one)
☐ within arbitration limits
☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes  ☐ No

**Is this an *MDJ Appeal*?** ☐ Yes  ☒ No

Name of Plaintiff/Appellant's Attorney: Gary Schafkopf Esq / Matthew Weisberg Esq/ L. Anthony DiJiacomo III Esq

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

## SECTION B

**Nature of the Case**:  Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
☒ Intentional
☐ Malicious Prosecution
☐ Motor Vehicle
☐ Nuisance
☐ Premises Liability
☐ Product Liability (*does not include mass tort*)
☐ Slander/Libel/ Defamation
☐ Other: _____

**MASS TORT**
☐ Asbestos
☐ Tobacco
☐ Toxic Tort - DES
☐ Toxic Tort - Implant
☐ Toxic Waste
☐ Other: _____

**PROFESSIONAL LIABLITY**
☐ Dental
☐ Legal
☐ Medical
☐ Other Professional: _____

**CONTRACT** (*do not include Judgments*)
☐ Buyer Plaintiff
☐ Debt Collection: Credit Card
☐ Debt Collection: Other
_____
_____
☐ Employment Dispute: Discrimination
☐ Employment Dispute: Other
_____
_____
☐ Other: _____
_____

**REAL PROPERTY**
☐ Ejectment
☐ Eminent Domain/Condemnation
☐ Ground Rent
☐ Landlord/Tenant Dispute
☐ Mortgage Foreclosure: Residential
☐ Mortgage Foreclosure: Commercial
☐ Partition
☐ Quiet Title
☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
☐ Board of Assessment
☐ Board of Elections
☐ Dept. of Transportation
☐ Statutory Appeal: Other
_____
_____
☐ Zoning Board
☐ Other: _____
_____

**MISCELLANEOUS**
☐ Common Law/Statutory Arbitration
☐ Declaratory Judgment
☐ Mandamus
☐ Non-Domestic Relations Restraining Order
☐ Quo Warranto
☐ Replevin
☐ Other: _____
_____

*Updated 1/1/2011*

# IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

York County Prothonotary E-Filed - 20 Jun 2024 12:12:17 PM

## CIVIL DIVISION

Plaintiff(s) & Address(es):

Shawn Ankney
Individually and d/b/a
Ankney's Towing, Recovery & Auto Repair Service
7500 Hillside Dr.
Spring Grove, PA 17362

vs.

Defendant(s) & Address(es)

See List of Defendants

File No. _____

Civil Action - _____

## PRAECIPE FOR SUMMONS

TO THE PROTHONOTARY/CLERK OF SAID COURT:

Issue summons in _Civil Action_____
in the above case.

__X___ Writ of Summons shall be issued and forwarded to Attorney/Sheriff.

_Gary Schafkopf_____
Signature of Attorney

Gary Schafkopf, Esq

11 Bala Ave Bala Cynwyd PA 19004

610-664-5200
Name/Address/Telephone Number of Attorney

Date:_6-20-24_____

Supreme Court ID Number_83362_____

• • • • •

## SUMMONS IN CIVIL ACTION

TO: _See List of Defendants_____

YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF(S) HAS/HAVE COMMENCED AN ACTION AGAINST YOU.

_Diane M Platts_
DIANE M. PLATTS, PROTHONOTARY
MY COMMISSION EXPIRES JANUARY 2, 2028
Prothonotary/Clerk, Civil Division

Date:_6/20/24_____ by _____
Deputy

York County Prothonotary E-Filed - 20 Jun 2024 12:12:17 PM
Case Number: 2024-SU-001853

LIST OF DEFENDANTS

Paradise Township
82 Beaver Creek Rd.
Abbottstown, PA 17301

Lance Biesecker
Individually & in capacity as Chairman of Board of Supervisors for Paradise Township
6856 Lincoln Hwy.
Thomasville, PA 17364

Clark Craumer
Individually & in capacity as Vice Chairman of Board of Supervisors for Paradise Township
65 Protetory Rd.
Abbottstown, PA 17301

Dean Bentzel
Individually & D/B/A Paradise Township
6938 Lincoln Hwy.
Thomasville, PA 17364

Neal Doyle
Individually & D/B/A Paradise Township
64 N High St.
Spring Grove, PA 17362

Northern Regional Police Department
1445 E Canal Rd.
Dover, PA 17315

Jackson Township
439 Roth's Church Rd.
Spring Grove, PA 17362

Jonathan D. Holmes
Individually & in capacity as Chairman of Board of Supervisors for Jackson Township
6225 Pine Rd.
Thomasville, PA  17364

Emily A.B. Miller
Individually & in capacity as Vice Chairman of Board of Supervisors for Jackson Township
798 Roth's Church Rd.
Spring Grove, PA  17362

Bradley R. Dunham

York County Prothonotary E-Filed - 20 Jun 2024 12:12:17 PM
Case Number: 2024-SU-001853

Individually & in capacity as Secretary of Board of Supervisors for Jackson Township
1141 Roth's Church Rd.
Spring Grove, PA  17362

Nashville Volunteer Fire Department
116 Nashville Blvd.
Spring Grove, PA 17362

# EXHIBIT B

York County Prothonotary E-Filed - 28 Aug 2024 04:48:51 PM

**WEISBERG LAW**
Matthew B. Weisberg
Attorney Id. No.: 85570
L. Anthony DiJiacomo, III
Attorney Id. No.: 321356
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880

**SCHAFKOPF LAW**
Gary Schafkopf
Attorney Id. No. 83362
11 Bala Ave.
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334

*Attorneys for Plaintiff*

| | | |
|---|---|---|
| **SHAWN ANKNEY**<br>Individually and d/b/a Ankney's Towing,<br>Recovery & Auto Repair Service<br>7500 Hillside Drive<br>Spring Grove, PA 17362 | : <br> : <br> : <br> : <br> : | **YORK COUNTY, PENNSYLVANIA**<br>**COURT OF COMMON PLEAS**<br>**MAJOR JURY PROGRAM** |
| And | : <br> : | No.: 2024-SU-001853 |
| **ANKNEY'S TOWING, RECOVERY &**<br>**AUTO REPAIR SERVICE**<br>7500 Hillside Drive<br>Spring Grove, PA 17362 | : <br> : <br> : <br> : | **JURY TRIAL OF TWELVE JURORS**<br>**DEMANDED.** |
| Plaintiffs, | : <br> : | |
| v. | : <br> : | |
| **PARADISE TOWNSHIP**<br>82 Beaver Creek Rd.<br>Abbottstown, PA 17301 | : <br> : <br> : | |
| And | : <br> : | |
| **NEAL DOYLE**<br>Individually & in his Official Capacity as a<br>Zoning Officer for Paradise Township<br>64 N High St.<br>Spring Grove, PA 17362 | : <br> : <br> : <br> : | |
| And | : <br> : | |
| **YORK COUNTY d/b/a**<br>**NORTHERN YORK COUNTY**<br>**REGIONAL POLICE DEPARTMENT**<br>1445 E Canal Rd.<br>Dover, PA 17315 | : <br> : <br> : <br> : <br> : | |

|  |  |
|---|---|
| And | : |
|  | : |
|  | : |
| **JEREMY J. NEIDIGH** | : |
| Individually & in his Official Capacity as a | : |
| Administrative Lieutenant for | : |
| Northern York County Regional Police | : |
| Department of | : |
| 1445 E Canal Rd. | : |
| Dover, PA 17315 | : |
|  | : |
| And | : |
|  | : |
|  | : |
| **JACKSON TOWNSHIP** | : |
| 439 Roth's Church Rd. | : |
| Spring Grove, PA 17362 | : |
|  | : |
| And | : |
|  | : |
|  | : |
| **BRADLEY R. DUNHAM** | : |
| Individually & in his Official Capacity as a | : |
| Supervisor for Jackson Township & in his | : |
| Official Capacity as Fire Chief for | : |
| Nashville Volunteer Fire Department | : |
| 1141 Roth's Church Rd. | : |
| Spring Grove, PA 17362 | : |
|  | : |
|  | : |
| Defendants. | : |

## NOTICE TO DEFEND

| **NOTICE** | *AVISO* |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas ex-puestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la |

2

York County Prothonotary E-Filed - 28 Aug 2024 04:48:51 PM

| | |
|---|---|
| without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.<br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.<br> IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. | corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br>USTED LE DEBE TOMAR ESTE PAPEL A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE A UN ABOGADO, VA A O TELEFONEA LA OFICINA EXPUSO ABAJO. ESTA OFICINA LO PUEDE PROPORCIONAR CON INFORMATION ACERCA DE EMPLEAR A UN ABOGADO.<br>SI USTED NO PUEDE PROPORCIONAR PARA EMPLEAR UN ABOGADO, ESTA OFICINA PUEDE SER CAPAZ DE PROPORCIONARLO CON INFORMACION ACERCA DE LAS AGENCIAS QUE PUEDEN OFRECER LOS SERVICIOS LEGALES A PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO NI NINGUN HONORARIO. |

York County Bar Association
Lawyer Reference and Information Service
137 E Market St, York, PA 17401
(717) 854-8755

York County Prothonotary E-Filed - 28 Aug 2024 04:48:51 PM

**WEISBERG LAW**
Matthew B. Weisberg
Attorney Id. No.: 85570
L. Anthony DiJiacomo, III
Attorney Id. No.: 321356
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880

**SCHAFKOPF LAW**
Gary Schafkopf
Attorney Id. No. 83362
11 Bala Ave.
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334

*Attorneys for Plaintiff*

| | | |
|---|---|---|
| **SHAWN ANKNEY** | : | **YORK COUNTY, PENNSYLVANIA** |
| Individually and d/b/a Ankney's Towing, | : | **COURT OF COMMON PLEAS** |
| Recovery & Auto Repair Service | : | **MAJOR JURY PROGRAM** |
| 7500 Hillside Drive | : | |
| Spring Grove, PA 17362 | : | |
| | : | |
| And | : | No.: 2024-SU-001853 |
| | : | |
| **ANKNEY'S TOWING, RECOVERY &** | : | **JURY TRIAL OF TWELVE JURORS** |
| **AUTO REPAIR SERVICE** | : | **DEMANDED.** |
| 7500 Hillside Drive | : | |
| Spring Grove, PA 17362 | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **PARADISE TOWNSHIP** | : | |
| 82 Beaver Creek Rd. | : | |
| Abbottstown, PA 17301 | : | |
| | : | |
| And | : | |
| | : | |
| **NEAL DOYLE** | : | |
| Individually & in his Official Capacity as a | : | |
| Zoning Officer for Paradise Township | : | |
| 64 N High St. | : | |
| Spring Grove, PA 17362 | : | |
| | : | |
| And | : | |
| | : | |
| **YORK COUNTY d/b/a** | : | |
| **NORTHERN YORK COUNTY** | : | |
| **REGIONAL POLICE DEPARTMENT** | : | |
| 1445 E Canal Rd. | : | |
| Dover, PA 17315 | : | |

York County Prothonotary E-Filed - 28 Aug 2024 04:48:51 PM

And                                     :
                                        :
                                        :
**JEREMY J. NEIDIGH**                   :
Individually & in his Official Capacity as a  :
Administrative Lieutenant for           :
Northern York County Regional Police    :
Department of                           :
1445 E Canal Rd.                        :
Dover, PA 17315                         :
                                        :
        And                             :
                                        :
                                        :
**JACKSON TOWNSHIP**                    :
439 Roth's Church Rd.                   :
Spring Grove, PA 17362                  :
                                        :
        And                             :
                                        :
                                        :
**BRADLEY R. DUNHAM**                   :
Individually & in his Official Capacity as a  :
Supervisor for Jackson Township & in his  :
Official Capacity as Fire Chief for     :
Nashville Volunteer Fire Department     :
1141 Roth's Church Rd.                  :
Spring Grove, PA 17362                  :
                                        :
                                        :
        Defendants.                     :

---

## CIVIL ACTION COMPLAINT

**I.    PARTIES, JURISDICTION, & VENUE**

1.    Plaintiff, Shawn Ankney doing business as Ankney's Towing, Recovery & Auto Repair

Service ("Mr. Ankney") is an adult individual with a primary residence and business office

located at the above-captioned address.

2.    Plaintiff, Ankney's Towing, Recovery & Auto Repair Service is a sole proprietorship

operated by Mr. Ankney with a primary place of business located at the above-captioned address.

2

York County Prothonotary E-Filed - 28 Aug 2024 04:48:51 PM

3.      Defendant, Paradise Township is a municipality existing under the laws of the Commonwealth of Pennsylvania, with a primary place of business located at the above-captioned address.

4.      Defendant, Neal Doyle ("Mr. Doyle") is an adult individual with a primary residence located at the above-captioned address. Mr. Doyle is named herein in both his individual capacity and official capacity as a zoning officer, employee, and/or agent of Paradise Township. At all material times, Mr. Doyle was acting under the color of the law.

5.      Defendant, York County doing business as Northern York County Regional Police Department ("Northern Regional Police"), is a county government existing under the laws of the Commonwealth of Pennsylvania, with a primary place of business located at the above-captioned address.

6.      Defendant, Jeremy J. Neidigh ("Lt. Neidigh") is an adult individual with a primary residence located at the above-captioned address. Lt. Neidigh is named herein in both his individual capacity and official capacity as an administrative lieutenant, employee, and/or agent of York County. At all material times, Lt. Neidigh was acting under the color of the law.

7.      Defendant, Jackson Township is a municipality existing under the laws of the Commonwealth of Pennsylvania, with a primary place of business located at the above-captioned address. Upon information and belief, Nashville Volunteer Fire Department is a department of Jackson Township.

8.      Defendant, Bradley R. Dunham ("Mr. Dunham") is an adult individual with a primary residence located at the above-captioned address. Mr. Dunham is named herein in both his individual capacity and official capacity as a elected supervisor, fire chief / fire marshal,

3

York County Prothonotary E-Filed - 28 Aug 2024 04:48:51 PM

employee, and/or agent of Jackson Township. At all material times, Mr. Dunham was acting under the color of the law.

## II.   OPERATIVE FACTS

9. Plaintiffs incorporate all prior paragraphs as if fully set forth at length herein.

### ANKNEY TOWING

10. Ankney Towing began business operations in or about 1972 and has continuously operated since 1972 at its current location, 7500 Hillside Drive, Spring Grove, PA 17362 ("7500 Hillside").

11. Non-Party, Howard Ankney started and operated Ankney Towing from in or about 1972 until in or about 1996.

12. Mr. Ankney took over the operations of Ankney Towing in or about 1996 and has continuously operated Ankney Towing through the present day.

13. Mr. Ankney was involved in Ankney Towing since a young child.

### TOW LIST

14. Northern Regional Police maintains an annual tow list that gives priority to a rotating group of tow companies (the "Tow List"). Whenever Northern Regional Police has towing needs, it will use York County 911 Dispatch to contact the towing company that has priority at that time.

15. Two towing companies have first and second priority each month.

16. Ankney Towing has consistently been on the Tow List since in or about 1972 without issue.

17. Northern Regional Police primarily serves Paradise Township and Jackson Township.

4

York County Prothonotary E-Filed - 28 Aug 2024 04:48:51 PM

18. Upon information and belief, Lt. Neidigh currently and, upon information and belief, at the relevant times hereto, maintained the Tow List on behalf of Northern Regional Police.

19. On or about October 11, 2023, Lt. Neidigh sent an email to certain towing companies, including Ankney Towing via Mr. Ankney. The email provided instructions as the standards for companies to be on the Tow List and the process to be included on the Tow List for 2024. *See* Exhibit E.

20. Mr. Ankney timely provided all information requested to Lt. Neidigh.

21. However, Mr. Ankney did not receive any response and was not included on the Tow List for 2024.

## SIGNAGE

22. Since in or about 1972, a sign has been displayed along the road in front of 7500 Hillside advertising Ankney Towing.

23. In or around 1996, Mr. Ankney caused the 7500 Hillside parcel to be subdivided into two parcels, which are now known as the original 7500 Hillside and a second parcel located at and known as 7498 Hillside Drive, Spring Grove, PA 17362 ("7498 Hillside").

24. Mr. Ankney is the owner of both 7498 Hillside and 7500 Hillside.

25. In or around 2012, Non-Party, Rebound Towing – a towing business owned by Mr. Ankney's brother – caused a sign to be displayed along the road in front of 7498 Hillside advertising Rebound Towing, which was operating out of 7498 Hillside at that time.

26. On or about February 23, 2023, Non-Party, Corbin's Towing placed an additional sign to be displayed along the road in front of 7498 Hillside advertising Corbin's Towing as Corbin's Towing was now operating out of 7498 Hillside.

York County Prothonotary E-Filed - 28 Aug 2024 04:48:51 PM

27.    In or around late February 2023, Mr. Doyle – purportedly acting in his capacity as a zoning officer – stopped at 7498 Hillside and informed Mr. Ankney and Corbin's Towing that 7498 Hillside / 7500 Hillside could not have three signs between the two properties, i.e. that each property can only have a maximum of one sign.

28.    In or around late February 2023, Corbin's Towing promptly removed the sign advertising Corbin's Towing.

29.    In or around March 2023, Rebound Towing removed the sign advertising Rebound Towing outside of 7498 Hillside as it no longer was operating at that location.

30.    In or around April 2023, Corbin's Towing placed a sign displayed along the road in front of 7498 Hillside advertising Corbin's Towing. Corbin's Towing placed the sign within thirty (30) days of the removal of the Rebound Towing.

31.    Upon information and belief, by replacing the Rebound Towing sign with the Corbin's Towing sign within thirty (30) days, no permit or approval was necessary.

32.    On or about July 5, 2023, Mr. Doyle sent a "Notice of Violation" via U.S. First Class Mail to Mr. Ankney concerning a purported violation on the basis that Mr. Ankney had "expanded a pre-existing nonconformity by adding an additional business". *See* Exhibit A.

33.    On or about July 27, 2023, Mr. Doyle sent a "Notice of Violation" via U.S. Certified Mail to Mr. Ankney concerning the same purported violation, i.e. that Mr. Ankney had "expanded a pre-existing nonconformity by adding an additional business". *See* Exhibit B.

34.    At no time did Mr. Ankney increase the number of operating businesses at either 7498 Hillside or 7500 Hillside; i.e. at all material times, one business operated out of each property.

York County Prothonotary E-Filed - 28 Aug 2024 04:48:51 PM

35.   On or about November 14, 2024, Paradise Township – believed by and through Mr. Doyle – initiated an action in Magisterial District Court No. 19-3-06 purportedly pertaining to the foregoing violation (the "Lawsuit"). *See* Exhibit C.

36.   Thereafter, Mr. Doyle demanded that Mr. Ankney pay $12,500 to Paradise Township in order to resolve the Lawsuit.

37.   After Mr. Ankney retained counsel, Paradise Township – believed by and through Mr. Doyle – withdrew the Lawsuit on or about February 21, 2024. *See* Exhibit C.

38.   Paradise Township – believed by and through Mr. Doyle – withdrew the Lawsuit, which had been pending for approximately three months, only two weeks prior to the March 7, 2024 hearing. *See* Exhibit C.

39.   On the same date that Paradise Township withdrew the lawsuit, i.e. on or about February 21, 2024, Mr. Doyle sent a "Notice of Violation" to Mr. Ankney concerning the same purported violation, i.e. that Mr. Ankney had "expanded a pre-existing nonconformity by adding an additional business", that Paradise Township had decided not to present to a Court for adjudication. *See* Exhibit D.

### REMOVAL FROM 2023 TOW LIST

40.   Ankney Towing was the first priority tow company on the Tow List for the month of November 2023.

41.   On or about November 13, 2024, York County 911 Dispatch contacted Ankney Towing on behalf of Northern Regional Police to dispatch a tow truck to an accident in Jackson Township.

42.   Mr. Corbin, who is an employee of Ankney Towing and also operates Corbin Towing, was close to the accident.

7

York County Prothonotary E-Filed - 28 Aug 2024 04:48:51 PM

43.    Mr. Ankney directed Mr. Corbin to go to the accident on behalf of Ankny Towing and begin moving vehicles out of traffic. Mr. Ankney also told Mr. Corbin that he was on his way.

44.    Mr. Dunham was present at the accident scene in his capacity as Fire Chief / Fire Marshall.

45.    Mr. Dunham had recently been elected as a township supervisor for Jackson Township, but his term had not yet started.

46.    Mr. Dunham approached Mr. Corbin at the accident scene and began yelling in Mr. Corbin's face about Mr. Ankney not being personally present despite Mr. Corbin being an employee of Ankney Towing.

47.    Mr. Corbin then called Mr. Ankney on Mr. Corbin's cellphone. Mr. Dunham spoke with Mr. Ankney over the cellphone and informed Mr. Ankney that Mr. Dunham was going to "write up" Ankney Towing for not having oil-dry on the scene. Mr. Corbin then stated that Mr. Ankney was enroute with the oil-dry.

48.    Mr. Dunham then told Mr. Ankney that he was going to wrote up Ankney Towing, specifically stating, "I'll think of something, but there will be a complaint".

49.    An officer of the Northern Regional Police had to intervene and force Mr. Dunham to direct traffic.

50.    Instead, Mr. Dunham then left the scene, leaving Mr. Corbin to remove debris without someone directing traffic.

51.    Ankney Towing was not written up, did not receive any informal or formal notice of any violation.

52.    No individual on behalf of from Northern Regional Police communicated any complaint or concern to Mr. Corbin or Mr. Ankney at the accident scene or thereafter.

York County Prothonotary E-Filed - 28 Aug 2024 04:48:51 PM

53. However, Ankney Towing did not receive any additional calls for towing from Northern Regional Police over the next several days despite accidents occurring that required towing.

54. Perplexed, Mr. Ankney contacted York County 911 Dispatch a left a voice mail. A few days later, York County 911 dispatch called Mr. Ankney and informed him that he was no longer on the Tow List because the Townships, i.e. Paradise Township and Jackson Township "no longer want you on the list".

55. However, York County 911 Dispatch informed Mr. Ankney that if an individual specifically requests Ankney Towing, Northern Regional Police will honor such requests.

a. However, Brandy Anderson, a long-standing customer of Ankney Towing, was involved in an accident on or about June 23, 2024.

b. Ms. Anderson specifically requested Non-Party, Officer Forey of Northern Regional Police to have Ankney Towing tow her vehicle.

c. Officer Forey informed Ms. Anderson that Ankney Towing was no longer in business and had been purchased by Rebound Towing.

d. Ms. Anderson later went to 7500 Hillside to pick up her vehicle, only to learn that Ankney Towing was still in operation and that her vehicle had been towed to a different location.

56. To the extent that there was any basis for Ankney Towing to be written up, one such "write up" had not been a basis for removal from the Tow List. For example, Mr. Lamar of Express Towing received approximately ten (10) formal violation notices before Express Towing was removed.

57. The Lawsuit by Paradise Township was initiated the day following the foregoing interaction with Mr. Durham.

9

York County Prothonotary E-Filed - 28 Aug 2024 04:48:51 PM

58.    Ankney Towing has lost significant revenue and profits as a result of its arbitrary removal from the Tow List, which occurred without any due process, i.e. notice and an opportunity to be heard before an impartial decision maker.

## SPEECH INPEDIMENT

59.    Mr. Ankney has had a speech impediment since childhood.

60.    Despite attending speech therapy during his childhood, Mr. Ankney has difficultly speaking clearly.

61.    On countless occasions, members of the Nashville Volunteer Fire Department have mocked Mr. Ankney while Mr. Ankney was performing his tow duties for Northern Regional Police, specifically at accident scenes concerning his speech impediment.

62.    Mr. Durham has, on numerous occasions, observed members of the Nashville Volunteer Fire Department mocking Mr. Ankney for his speech impediment and has joined in the laugher directed to Mr. Ankney.

## JUNK YARD LICENSE

63.    Ankney Towing, since in or about 1972, has maintained an annual junk yard license issued by Paradise Township.

64.    Mr. Ankney submitted his application for renewal of the annual junk yard license for 2024.

65.    However, Paradise Township – believed by and through Mr. Doyle – has refused to process the license. As a result, Ankney Towing has been unable to perform its junk yard operations in 2024.

66.    Mr. Ankney attempted reaching Mr. Doyle concerning the junk yard license on numerous occasions to no response.

10

York County Prothonotary E-Filed - 28 Aug 2024 04:48:51 PM

67.     In fact, during this period, Mr. Doyle would regularly drive to 7500 Hillside and take photographs of the property. On several occasions, Mr. Ankney attempted to engage Mr. Doyle regarding the junk yard license. However, Mr. Doyle would only mock Mr. Ankney for his speech impediment and then drive away.

68.     To date, Paradise Township – believed by and through Mr. Doyle – has refused to process the license.

69.     There is no legitimate reason Paradise Township has not issued the junk yard license to Mr. Ankney for the 52nd year in a row.

## FIRE BAY PERMIT

70.     In 2022, Mr. Doyle and Mr. Ankney discussed the need for a fire bay to store electric cars that had been in collisions. There is a risk of batteries in electric cars catching fire and spreading to other vehicles. Such a bay would allow storage of damaged electric cars without risk of spreading fires.

71.     Thereafter, in 2023, Mr. Ankney applied for a permit to build the fire bay from Paradise Township for 7500 Hillside.

72.     On or about February 23, 2024, Mr. Ankney and Mr. Corbin went to meet with Mr. Doyle to obtain the fire bay permit. During the meeting, Mr. Doyle repeatedly mocked Mr. Ankney for his speech impediment.

73.     On or about February 23, 2024, Mr. Doyle, issued the fire bay permit and told Mr. Ankney to post it in his window. *See* Exhibit F.

74.     However, Mr. Doyle identified the property as "no address on file" and issued it to "Owner Lincoln Highway Thomasville PA".

75.     The 7500 Hillside property is not located at Lincoln Highway Thomasville PA.

11

York County Prothonotary E-Filed - 28 Aug 2024 04:48:51 PM

76.     Despite ongoing attempts, Mr. Doyle has refused substantive engagement with Mr. Ankney, instead choosing to mock Mr. Ankney for his speech impediment.

**MISDIRECTED NOICE COMPLAINTS**

77.     On several occasions, community members, including Mr. Ankney, have complained about noise in the middle of the night from two businesses located on Hillside Drive.

78.     However, Paradise Township – believed by and through Mr. Doyle – has misdirected the correction, instead sending noise violation letters to Mr. Ankney.

**III.   COUNTS OF ACTION**

**COUNT I**
**Violations of Procedural & Substantive Due Process**
(Actionable via Section 1983 & under Pennsylvania State Law)
*Plaintiffs v. All Defendants*

79.     Plaintiffs incorporate all prior paragraphs as if fully set forth at length herein.

80.     At all material times, Defendants were acting under the color of state law while committing the conduct complained of herein.

81.     Defendants, in concert, caused the removal of Ankney Towing from the 2023 Tow List without any due process procedure. Defendants failed to provide Ankney Towing with notice of the purported violation, the basis of the purported violation, or an opportunity to be heard before an unbiased decision maker to oppose the removal and demonstrate the lack of any valid basis therefore.

82.     At all material times, Plaintiffs possessed a property interest in remaining on the 2023 Tow List.

83.     As a result, Plaintiffs have been deprived of inclusion on the 2023 Tow List to Plaintiff's financial detriment.

York County Prothonotary E-Filed - 28 Aug 2024 04:48:51 PM

84.     Further, Defendants, in concert, arbitrarily refused to include Ankney Towing from the 2024 Tow List without due cause or any due process procedure. Defendants failed to provide Ankney Towing with notice of any due cause, the basis of the purported due cause, or an opportunity to be heard before an unbiased decision maker to demonstrate the lack of any purported due cause.

85.     Defendants' aforementioned conduct occurred due to Mr. Doyle's and Mr. Dunham's disdain for Mr. Ankney's speech impediment.

86.     As a result of the foregoing, Plaintiffs have lost substantial revenue and associated profits, affecting Mr. Ankney's livelihood and Ankney Towing's continuing viability.

**WHEREFORE,** Plaintiffs, Shawn Ankney doing business as Ankney's Towing, Recovery & Auto Repair Service and Ankney's Towing, Recovery & Auto Repair Service, by and through their undersigned counsel, respectfully demand judgment in their favor and against all Defendants, jointly and severally, for an amount in excess of $50,000, including all compensatory damages, punitive damages, attorney fees, and costs, as well as any further relief this Honorable Court deems necessary and just, including injunctive relief.

### COUNT II
**Violations of Procedural & Substantive Due Process –** *Monel Claim*
(Actionable via Section 1983)
*Plaintiffs v. Defendants, Paradise Township, Jackson Township, & York County*

87.     Plaintiffs incorporate all prior paragraphs as if fully set forth at length herein.

88.     Prior to the events set forth above, Defendants, Paradise Township, Jackson Township, and York County failed to develop and maintain policies, practices, procedures, or customs designed to provide substantive and procedural due process with regards to the Tow List, including but not limited to, a meritorious or objective process and criteria for the selection of tow companies, an procedural process for the removal of a towing company from the Tow List.

13

York County Prothonotary E-Filed - 28 Aug 2024 04:48:51 PM

89.     Prior to the events set forth above, Defendants, Paradise Township, Jackson Township, and York County exhibited a deliberate indifference to the Constitutional rights of Plaintiffs and similarly situated persons.

90.     Moreover, Lt. Neidigh, Mr. Doyle, and Mr. Durham's participation in the Constitutional violations complained of herein, given their high-ranking within each of their organizations, constitutes an adoption and/or affirmation of their actions.

91.     Moreover, Mr. Durham, as township supervisor, is the final policy maker for Jackson Township.

92.     It is believed and therefore averred that Lt. Neidigh, Mr. Doyle, and Mr. Durham have authority over their organization's involvement in the Tow List program.

93.     As a direct and proximate result of the foregoing, Defendants caused the violations of Plaintiffs' constitutional and other rights to Plaintiffs' detriment.

        **WHEREFORE,** Plaintiffs, Shawn Ankney doing business as Ankney's Towing, Recovery & Auto Repair Service and Ankney's Towing, Recovery & Auto Repair Service, by and through their undersigned counsel, respectfully demand judgment in their favor and against all Defendants, Paradise Township, Jackson Township, and York County, jointly and severally, for an amount in excess of $50,000, including all compensatory damages, punitive damages, attorney fees, and costs, as well as any further relief this Honorable Court deems necessary and just, including injunctive relief.

## COUNT III
**Violation of the Equal Protection Clause Re Tow List**
(Actionable via Section 1983)
*Plaintiffs v. All Defendants*

94.     Plaintiffs incorporate all prior paragraphs as if fully set forth at length herein.

14

York County Prothonotary E-Filed - 28 Aug 2024 04:48:51 PM

95.    At all material times, Defendants were acting under the color of state law while committing the conduct complained of herein, specifically pertaining to the Tow List.

96.    At all material times, Defendants treated Plaintiffs differently from other individuals and towing companies that are similarly situated; for example only, Mr. Lamar of Express Towing.

97.    Defendants intentionally treated Plaintiffs differently without any rational basis for the difference in treatment.

98.    In fact, Defendants intentionally treated Plaintiffs differently due to Mr. Doyle's and Mr. Dunham's disdain for Mr. Ankney's speech impediment.

99.    As a result of the foregoing, Plaintiffs have lost substantial revenue and associated profits, affecting Mr. Ankney's livelihood and Ankney Towing's continuing viability.

**WHEREFORE,** Plaintiffs, Shawn Ankney doing business as Ankney's Towing, Recovery & Auto Repair Service and Ankney's Towing, Recovery & Auto Repair Service, by and through their undersigned counsel, respectfully demand judgment in their favor and against all Defendants, jointly and severally, for an amount in excess of $50,000, including all compensatory damages, punitive damages, attorney fees, and costs, as well as any further relief this Honorable Court deems necessary and just, including injunctive relief.

## COUNT IV
### Violation of the Equal Protection Clause Re Tow List – *Monel Claim*
(Actionable via Section 1983)
*Plaintiffs v. Defendants, Paradise Township, Jackson Township, & York County*

100.    Plaintiffs incorporate all prior paragraphs as if fully set forth at length herein.

101.    Prior to the events set forth above, Defendants, Paradise Township, Jackson Township, and York County failed to develop and maintain policies, practices, procedures, or customs designed to ensure the equal protection of the law with regards to the Tow List program.

15

York County Prothonotary E-Filed - 28 Aug 2024 04:48:51 PM

102.    Prior to the events set forth above, Defendants, Paradise Township, Jackson Township, and York County exhibited a deliberate indifference to the equal protection rights of Plaintiffs and similarly situated persons.

103.    Moreover, Lt. Neidigh, Mr. Doyle, and Mr. Durham's participation in the Constitutional violations complained of herein, given their high-ranking within each of their organizations, constitutes an adoption and/or affirmation of their actions.

104.    Moreover, Mr. Durham, as township supervisor, is the final policy maker for Jackson Township.

105.    It is believed and therefore averred that Lt. Neidigh, Mr. Doyle, and Mr. Durham have authority over their organization's involvement in the Tow List program.

106.    As a direct and proximate result of the foregoing, Defendants caused the violations of Plaintiffs' constitutional and other rights to Plaintiffs' detriment.

**WHEREFORE,** Plaintiffs, Shawn Ankney doing business as Ankney's Towing, Recovery & Auto Repair Service and Ankney's Towing, Recovery & Auto Repair Service, by and through their undersigned counsel, respectfully demand judgment in their favor and against all Defendants, Paradise Township, Jackson Township, and York County, jointly and severally, for an amount in excess of $50,000, including all compensatory damages, punitive damages, attorney fees, and costs, as well as any further relief this Honorable Court deems necessary and just, including injunctive relief.

**<u>COUNT V</u>**
**Violation of the Americans with Disabilities Act**
*Plaintiffs v. Defendants*

107.    Plaintiffs incorporate all prior paragraphs as if fully set forth at length herein.

16

York County Prothonotary E-Filed - 28 Aug 2024 04:48:51 PM

108.    At all material times, Mr. Ankney was handicapped or disabled as defined under the Americans with Disabilities Act ("ADA"), specifically as a result of Mr. Ankney's speech impediment.

109.    At all material times, Mr. Ankney was qualified to participate in the Tow List program operated by Northern Regional Police, notwithstanding Mr. Ankney's speech impediment.

110.    Defendants, acting in concert, precluded Plaintiffs from continued involvement in the Tow List program operated by Northern Regional Police due to Mr. Ankney's speech impediment.

111.    Defendants have caused significant harm to Plaintiffs due to their preclusion of Plaintiffs on the basis of Mr. Ankney's speed impediment.

WHEREFORE, Plaintiffs, Shawn Ankney doing business as Ankney's Towing, Recovery & Auto Repair Service and Ankney's Towing, Recovery & Auto Repair Service, by and through their undersigned counsel, respectfully demand judgment in their favor and against all Defendants, jointly and severally, for an amount in excess of $50,000, including all compensatory damages, punitive damages, attorney fees, and costs, as well as any further relief this Honorable Court deems necessary and just, including injunctive relief.

### COUNT VI
**Violation of the Equal Protection Clause Re Signage**
(Actionable via Section 1983)
*Plaintiffs v. Defendants, Paradise Township & Mr. Doyle*

112.    Plaintiffs incorporate all prior paragraphs as if fully set forth at length herein.

113.    At all material times, Paradise Township & Mr. Doyle were acting under the color of state law while committing the conduct complained of herein, specifically pertaining to the signage violations and initiation of the Lawsuit.

17

York County Prothonotary E-Filed - 28 Aug 2024 04:48:51 PM

114.    At all material times, Paradise Township & Mr. Doyle treated Plaintiffs differently from other individuals and businesses that are similarly situated.

115.    Paradise Township & Mr. Doyle intentionally treated Plaintiffs differently without any rational basis for the difference in treatment.

116.    In fact, Paradise Township, by and through Mr. Doyle, and Mr. Doyle intentionally treated Plaintiffs differently due to Mr. Doyle's disdain for Mr. Ankney's speech impediment.

117.    As a result of the foregoing, Plaintiffs have lost substantial revenue and associated profits, affecting Mr. Ankney's livelihood and Ankney Towing's continuing viability.

WHEREFORE, Plaintiffs, Shawn Ankney doing business as Ankney's Towing, Recovery & Auto Repair Service and Ankney's Towing, Recovery & Auto Repair Service, by and through their undersigned counsel, respectfully demand judgment in their favor and against all Defendants, Paradise Township and Neal Doyle, jointly and severally, for an amount in excess of $50,000, including all compensatory damages, punitive damages, attorney fees, and costs, as well as any further relief this Honorable Court deems necessary and just, including injunctive relief.

## COUNT VII
**Violation of the Equal Protection Clause Re Signage – *Monel Claim***
(Actionable via Section 1983)
*Plaintiffs v. Defendant, Paradise Township*

118.    Plaintiffs incorporate all prior paragraphs as if fully set forth at length herein.

119.    Prior to the events set forth above, Defendant, Paradise Township, failed to develop and maintain policies, practices, procedures, or customs designed to ensure the equal protection of the law with regards to the enforcement of their zoning codes.

120.    Prior to the events set forth above, Defendant, Paradise Township, exhibited a deliberate indifference to the equal protection rights of Plaintiffs and similarly situated persons.

York County Prothonotary E-Filed - 28 Aug 2024 04:48:51 PM

121.    Moreover, Mr. Doyle's participation in the Constitutional violations complained of herein, , as the sole zoning enforcement officer for Paradise Township,, constitutes an adoption and/or affirmation of his actions.

122.    Moreover, Mr. Durham, as township supervisor, is the final policy maker for Jackson Township.

123.    As a direct and proximate result of the foregoing, Defendants caused the violations of Plaintiffs' constitutional and other rights to Plaintiffs' detriment.

**WHEREFORE,** Plaintiffs, Shawn Ankney doing business as Ankney's Towing, Recovery & Auto Repair Service and Ankney's Towing, Recovery & Auto Repair Service, by and through their undersigned counsel, respectfully demand judgment in their favor and against all Defendants, Paradise Township, Jackson Township, and York County, jointly and severally, for an amount in excess of $50,000, including all compensatory damages, punitive damages, attorney fees, and costs, as well as any further relief this Honorable Court deems necessary and just, including injunctive relief.

Respectfully Submitted,

**WEISBERG LAW**                    **SCHAFKOPF LAW, LLC**

 _/s/ Matthew B. Weisberg_             _/s/ Gary Scafkopf_
Matthew B. Weisberg, Esquire          Gary Schafkopf, Esquire
L. Anthony DiJiacomo, III, Esquire    _Attorneys for Plaintiffs_

19

York County Prothonotary E-Filed - 28 Aug 2024 04:48:51 PM

| | |
|---|---|
| **WEISBERG LAW** | **SCHAFKOPF LAW** |
| Matthew B. Weisberg | Gary Schafkopf |
| Attorney Id. No.: 85570 | Attorney Id. No. 83362 |
| L. Anthony DiJiacomo, III | 11 Bala Ave. |
| Attorney Id. No.: 321356 | Bala Cynwyd, PA 19004 |
| 7 South Morton Ave. | 610-664-5200 Ext 104 |
| Morton, PA 19070 | Fax: 888-238-1334 |
| 610-690-0801 | |
| Fax: 610-690-0880 | *Attorneys for Plaintiff* |

| | | |
|---|---|---|
| **SHAWN ANKNEY**, *et al.* | : | **YORK COUNTY, PENNSYLVANIA** |
| | : | **COURT OF COMMON PLEAS** |
| v. | : | **MAJOR JURY PROGRAM** |
| | : | |
| **PARADISE TOWNSHIP**, *et al.* | : | No.: 2024-SU-001853 |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 28th day of August 2024, a true and correct copy of Plaintiffs' Civil Action Complaint were served via ECF and email upon the following counsel of record and via U.S. First Class Mail upon the following unrepresented parties:

Sheryl L. Brown, Esquire
Demetrios Mikelis, Esquire
SIANA LAW
941 Pottstown Pike, Ste. 200
Chester Springs, PA 19425
*Via slbrown@sianalaw.com*
*Via dsmikelis@sianalaw.com*
*Counsel for Northern Regional Police Department*

Gregory Wayne Bair, II, Esquire
David A. Jones, II, Esquire
STOCK & LEADER PC
224 W. Philadelphia St., Ste. E600
York, PA 17401
*Via gwb@stockandleader.com*
*Via djones@stockandleader.com*
*Counsel for Jackson Township*

Bradley R. Durham
1141 Roth's Church Rd.

York County Prothonotary E-Filed - 28 Aug 2024 04:48:51 PM

Spring Grove, PA 17362

Paradise Township
82 Beaver Creek Rd.
Abbottstown, PA 17301

Neal Doyle
64 N High St.
Spring Grove, PA 17362

                                         Respectfully Submitted,

                                         **WEISBERG LAW**

                                         */s/ Matthew B. Weisberg*
                                         Matthew B. Weisberg, Esquire
                                         L. Anthony DiJiacomo, III, Esquire
                                         *Attorneys for Plaintiffs*

WEISBERG LAW

Matthew B. Weisberg

Attorney Id. No.: 85570

L. Anthony DiJiacomo, III

Attorney Id. No.: 321356

7 South Morton Ave.

Morton, PA 19070

610-690-0801

Fax: 610-690-0880

SCHAFKOPF LAW, LLC

Gary Schafkopf

Attorney Id. No. 83362

11 Bala Ave

Bala Cynwyd, PA 19004

610-664-5200 Ext 104

Fax: 888-283-1334

*Attorneys for Plaintiff*

---

| | | |
|---|---|---|
| SHAWN ANKNEY<br>PENNSYLVANIA | : | **YORK COUNTY,** |
| | : | **COURT OF COMMON PLEAS** |
| v. | : | |
| | : | |
| **PARADISE TOWNSHIP**, *et al.* | : | No.: 2024-SU-001853 |

## VERIFICATION

I, Shawn Ankney, individually and on behalf of Ankney's Towing, Recovery & Auto Repair Service, hereby verify that the factual averments in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. I make the foregoing unsworn statement subject to the penalties of 18 Pa.C.S. § 4904.

Shawn Ankney

Shawn Ankney

Date

8 28 2024

# EXHIBIT C

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____ **County**
York

York County Prothonotary E-Filed - 20 Jun 2024 12:12:17 PM
Case Number: 2024-SU-001853

*For Prothonotary Use Only:*

Docket No:

*TIME STAMP*

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action**:
- ☐ Complaint
- ☒ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

Lead Plaintiff's Name:
Shawn Ankney Individually and d/b/a Ankney's Towing, R

Lead Defendant's Name:
Paradise Township

**Are money damages requested?** ☒ Yes   ☐ No

Dollar Amount Requested:
(check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes   ☐ No

**Is this an *MDJ Appeal*?** ☐ Yes   ☒ No

Name of Plaintiff/Appellant's Attorney: Gary Schafkopf Esq / Matthew Weisberg Esq/ L. Anthony DiJiacomo III Esq

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

## Nature of the Case:

Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

## SECTION B

**TORT** (*do not include Mass Tort*)
- ☒ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (*does not include mass tort*)
- ☐ Slander/Libel/ Defamation
- ☐ Other:
  _____
  _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:
  _____
  _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:
  _____
  _____

**CONTRACT** (*do not include Judgments*)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
  _____
  _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
  _____
  _____
- ☐ Other:
  _____
  _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:
  _____
  _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
  _____
  _____
- ☐ Zoning Board
- ☐ Other:
  _____
  _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:
  _____
  _____

*Updated 1/1/2011*

York County Prothonotary E-Filed - 20 Jun 2024 12:12:17 PM

# IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

## CIVIL DIVISION

**Plaintiff(s) & Address(es):**

Shawn Ankney
Individually and d/b/a
Ankney's Towing, Recovery & Auto Repair Service
7500 Hillside Dr.
Spring Grove, PA 17362

vs.

**Defendant(s) & Address(es)**

See List of Defendants

File No. _____

Civil Action - _____

## PRAECIPE FOR SUMMONS

TO THE PROTHONOTARY/CLERK OF SAID COURT:

   Issue summons in _Civil Action_ _____
in the above case.

   X___ Writ of Summons shall be issued and forwarded to Attorney/Sheriff.

_Gary Schafkopf_
Signature of Attorney

Gary Schafkopf, Esq

11 Bala Ave Bala Cynwyd PA 19004

610-664-5200
Name/Address/Telephone Number of Attorney

Date: 6-20-24

Supreme Court ID Number 83362

• • • • •

## SUMMONS IN CIVIL ACTION

TO: See List of Defendants _____

**YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF(S) HAS/HAVE COMMENCED AN ACTION AGAINST YOU.**

DIANE M. PLATTS, PROTHONOTARY
MY COMMISSION EXPIRES JANUARY 2, 2028
Prothonotary/Clerk, Civil Division

Date: 6/20/24

by _____
Deputy

York County Prothonotary E-Filed - 20 Jun 2024 12:12:17 PM
Case Number: 2024-SU-001853

LIST OF DEFENDANTS

Paradise Township
82 Beaver Creek Rd.
Abbottstown, PA 17301

Lance Biesecker
Individually & in capacity as Chairman of Board of Supervisors for Paradise Township
6856 Lincoln Hwy.
Thomasville, PA 17364

Clark Craumer
Individually & in capacity as Vice Chairman of Board of Supervisors for Paradise Township
65 Protetory Rd.
Abbottstown, PA 17301

Dean Bentzel
Individually & D/B/A Paradise Township
6938 Lincoln Hwy.
Thomasville, PA 17364

Neal Doyle
Individually & D/B/A Paradise Township
64 N High St.
Spring Grove, PA 17362

Northern Regional Police Department
1445 E Canal Rd.
Dover, PA 17315

Jackson Township
439 Roth's Church Rd.
Spring Grove, PA 17362

Jonathan D. Holmes
Individually & in capacity as Chairman of Board of Supervisors for Jackson Township
6225 Pine Rd.
Thomasville, PA  17364

Emily A.B. Miller
Individually & in capacity as Vice Chairman of Board of Supervisors for Jackson Township
798 Roth's Church Rd.
Spring Grove, PA  17362

Bradley R. Dunham

York County Prothonotary E-Filed - 20 Jun 2024 12:12:17 PM
Case Number: 2024-SU-001853

Individually & in capacity as Secretary of Board of Supervisors for Jackson Township
1141 Roth's Church Rd.
Spring Grove, PA  17362

Nashville Volunteer Fire Department
116 Nashville Blvd.
Spring Grove, PA 17362

# EXHIBIT D

## CONSENT TO REMOVAL

To the extent the Defendant, York County d/b/a Northern York County Regional Police Department, named in Plaintiff's Complaint is the same entity named as a Defendant in the Summons as Northern York County Regional Police Department (misnamed as Northern Regional Police Department), I consent to the removal of this action from the Court of Common Pleas of York County at Docket No. 2024-SU-001853 to the United States District Court for the Middle District of Pennsylvania.

**SIANA LAW**

By:   /s/Sheryl Brown
    Sheryl L. Brown, Esquire
    Demetrios S. Mikelis, Esquire
    *Attorneys for Defendant,*
    *Northern York County Regional*
    *Police Department*

Date: September 27, 2024

## CONSENT TO REMOVAL

Defendants Bradley R. Dunham, in his Official Capacity as Fire Chief for Nashville Volunteer Fire Department, and Nashville Volunteer Fire Company No 1 Nashville Jackson Township Pennsylvania, incorrectly identified as Nashville Volunteer Fire Department consent to the removal of the action filed in the Court of Common Pleas of York County, PA at Docket No. 2024-SU-001853 to the United States District Court for the Middle District of Pennsylvania.

**JOHNSON, DUFFIE, STEWART & WEIDNER, PC**

Date: 9/27/24         By: _____

W. Darren Powell, *Esquire*
Attorneys for Defendants Bradley R. Dunham, in his Official Capacity as Fire Chief for Nashville Volunteer Fire Department and Nashville Volunteer Fire Company No 1 Nashville Jackson Township Pennsylvania, incorrectly identified as Nashville Volunteer Fire Department

## CONSENT TO REMOVAL

I, John C. Porter, Esquire, consent to the removal of the action filed in the Court of Common Pleas of York County, PA to at Docket No. 2024-SU-001853 to the United States District Court for the Middle District of Pennsylvania.

**FOWLER, HIRTZEL, MCNULTY & SPAULDING, LLC**

Date: 9/25/24      By: _____

*John C. Porter, Esquire*
*Attorneys for Jackson Township and*
*Bradley R. Dunham, Individually & in capacity as*
*Supervisor (incorrectly noted in Sheriff's Return as*
*Secretary) of Board of Supervisors for Jackson Township*

{W1810179.1}